IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| **Nora Hutto, Ed.D.,** § | | |
| *Plaintiff,* § | | |
| § | CIVIL ACTION NO.\_\_\_\_\_ | |
| v. § | | |
| § | JURY TRIAL DEMANDED | |
| **The University of Saint Thomas,** § | | |
| *Defendant.* § | | |
| § | | |

## PLAINTIFF'S ORIGINAL COMPLAINT

TO THE HONORABLE UNITED STATES DISTRICT COURT JUDGE:

Plaintiff Nora Hutto, Ed.D. ("Dr. Hutto") files this, her Original Complaint against Defendant The University of Saint Thomas ("the University" or "UST") and respectfully shows the Court as follows:

### I.  NATURE OF THE LAWSUIT

1. This is an age discrimination and retaliation case under the Age Discrimination in Employment Act of 1967 ("ADEA"), as amended, and Chapter 21 of the Texas Labor Code, as amended. *See* 29 U.S.C. §§ 621-634 and TEX. LAB. CODE § 21.101.

### II.  JURISDICTION AND VENUE

2. This Court has jurisdiction under 28 U.S.C. §§ 1331 and 1367. Specifically, the claims brought under the ADEA involve a federal question

972022

whereas the claims brought under the Texas Labor Code fall within this Court's supplemental jurisdiction.

3. Venue of this action is proper in this district and division under 28 U.S.C. § 1391(b)(1) and (b)(2) because UST has a principal place of business in the Southern District of Texas and/or a substantial part of the events or omissions giving rise to Hutto's claims occurred in the Southern District of Texas.

### III.   PARTIES

4. Plaintiff Nora Hutto is an individual residing in Castro County, Texas.

5. Defendant The University of Saint Thomas is a private university authorized to do business in Texas with its principal office and campus in Harris County, Texas. Defendant may be served with process by serving its registered agent, Sinda K. Vanderpool, 3800 Montrose Blvd., Houston, Texas 77006.

### IV.   PROCEDURAL PREREQUISITES

6. On July 15, 2025, Dr. Hutto filed a Charge of Discrimination with the Equal Employment Opportunity Commission ("EEOC"). On July 23, EEOC issued a right-to-sue notice. Plaintiff files this lawsuit within 90 days of receipt of the EEOC right-to-sue notice.

## V.   INTRODUCTION

7. This is an age discrimination and retaliation case. Plaintiff Nora Hutto files this action against Defendant The University of St. Thomas ("UST" or "the University") because Defendant placed her on an unpaid furlough with reduced benefits for three years, despite her being a tenured professor. After failing to renew her employment contract, the University then terminated her in violation of its own policies. On information and belief, the University has replaced Dr. Hutto with younger, less qualified, and non-tenured staff to teach courses Dr. Hutto is qualified to teach. These actions constitute a breach of Dr. Hutto's employment contract and unlawful age discrimination. Dr. Hutto has sued the University in state court for breach of her employment contract in a suit styled as Cause No.: 202442837, *Nora Hutto, Ph.D., v. The University of Saint Thomas*, in the 113th District Court in Harris County, Texas.

## VI.   FACTUAL BACKGROUND

8. Dr. Hutto is seventy-three (73) years old. In 2011, she left a tenured position as Dean at the University of Houston – Victoria to join UST as a tenured Dean of Education and Human Services. As Dean, Dr. Hutto cleaned up UST's School of Education's records, and the department was able to achieve full accreditation.

9. However, in 2013, UST removed Dr. Hutto from her post as Dean and reinstated its former dean following Dr. Hutto's refusal to misappropriate

federal funds. UST then reassigned her as Tenured Professor of Education under an employment contract which Dr. Hutto retained, and UST renewed until 2021. As a tenured professor, Dr. Hutto's compensation was $91,238. *See* **Exhibit 1**. Notably, the reassignment from Dean to Tenured Professor reduced Dr. Hutto's salary by over $30,000.

### The Policy

10. Under Section 2 b. of UST Policy No. F.01.06, a tenured faculty member "has the right to be reemployed for **succeeding academic years** until he/she resigns or retires." (emphasis added) *See* **Exhibit 2**.

11. Under Section 10 a., if UST determines it is necessary to terminate faculty positions because of a change in enrollment at the University, financial considerations, consolidation of departments or other reorganization, termination or substantial change of one or more courses or academic programs, or financial exigency, the University's policies require the following:

> wherever possible faculty reduction will first be accomplished through attrition, (ii) **those with tenure** or probationary tenure-track contracts **will have priority over those faculty serving under term contracts** unless demonstrably sound academic or organizational reasons indicate otherwise; and (iii) **a tenured faculty member whose contract is not to be renewed will have the right to either one year's notice or salary with benefits or a combination of both at the University's discretion.** (emphasis added)

12. Dr. Hutto served as a tenured professor at UST for a decade. Throughout that time, she received excellent annual reviews and was never disciplined or otherwise reprimanded for her performance.

**UST and the Region 4 Education Service Center**

13. UST has a close working relationship with the Texas Education Agency's ("TEA") Region 4 Education Service Center ("Region 4"). Region 4 is one of twenty regional service centers that assist school districts and charter schools in streamlining their operations in addition to offering certification courses for aspiring educators. UST and Region 4 often employ the same educators for alternating semesters or academic years because the certification courses offered at Region 4 substantively overlap with the undergraduate and graduate courses offered at UST. In other words, UST's professors are often qualified to teach both at UST and at Region 4 and there is a symbiotic relationship between the two institutions.

14. On information and belief, UST utilizes its relationship with Region 4 as a vehicle to implement discriminatory practices and circumvent its contractual obligations to tenured professors like Dr. Hutto. Specifically, UST will arbitrarily declare that its School of Education department will not be offering courses for an indefinite period to ice out certain professors while simultaneously coordinating with Region 4 to secure temporary employment with educators it wishes to keep or hire. After UST terminates those selected

5

professors under the guise that there are no courses available, it reopens the department and rehires the educators from Region 4.

**UST Places Dr. Hutto on a "Temporary Furlough"**

15. In a letter dated July 7, 2022, UST placed Dr. Hutto on a "temporary furlough" based on TEA's purported revocation of UST's accreditation for the following two years. **Exhibit 3**. UST treated the furlough as an unpaid leave of absence with reduced benefits. The letter states that "during the furlough, [Dr. Hutto] will **maintain [her] rank and [her] status as a tenured professor.** In addition, this furlough is neither for cause nor due to any work-related misconduct that would prevent [her] from being eligible for any unemployment benefits." (emphasis added) *See* **Id**. Indeed, the University never indicated that it had any reason to terminate her for cause and consistently told her that she continued to be employed as a tenured faculty member.

16. On July 15, 2022, Dr. Hutto sent a letter to UST complaining that the University was discriminating against Dr. Hutto and demanding a year's salary and benefits as guaranteed under the University's policy. The University refused to honor its policies and meet Dr. Hutto's demand. *See* **Exhibit 6**.

17. On July 18, 2022, UST offered Dr. Hutto three courses to teach for the Fall of 2022 – two sections of EDUC 6310 and one section EDUC 8390. Dr.

6

Hutto rightly turned it down because such an offer did not abide by University's obligation under its Policy to reemploy her for *succeeding academic years*. That is, UST only presented her with employment for one semester at a prorated salary. It did not present her with an employment contract for the 2022-2023 academic year.

18. On October 16, 2023, Dr. Hutto sent another letter demanding that UST pay her salary that it had not paid since June 2022. UST refused Dr. Hutto's second demand.

19. On July 5, 2024, Dr. Hutto sued UST in state court for breach of contract in a suit styled as Cause No.: 202442837, *Nora Hutto, Ph.D., v. The University of Saint Thomas*, in the 113th District Court in Harris County, Texas. UST did not renew Dr. Hutto's employment contract.

20. UST thus kept Dr. Hutto on "furlough" from 2022 to 2025 – that is, for three years.

21. On June 2, 2025, UST terminated Dr. Hutto stating, incorrectly, that the University no longer offers courses Dr. Hutto is credentialed to teach. **Exhibit 4.** Notably, UST did not give Dr. Hutto one year's notice of her termination, nor did it give her one year's salary as required under Section 10 a., of UST's Policy. Dr. Hutto was the eldest and only tenured professor in UST's Leadership group in the School of Education. The University maintained that Dr. Hutto's termination was not appealable.

7

22. From her furlough in 2022 to as recent as June 2025, UST has continued to offer courses, in the School of Education and other departments, that Dr. Hutto is qualified to teach despite its false representation that there are no courses available for Dr. Hutto to teach. *See* **Exhibit 5** (printouts of course offerings at UST).

23. On information and belief, UST has also placed several younger, non-tenured contract staff as instructors of courses that Dr. Hutto has taught in the past or is otherwise credentialed to teach, which violates its obligation to give tenured professors priority to teach available courses under contract.

24. Nothing in the University's policies allows tenured faculty to be unilaterally placed on an indefinite, unpaid "furlough". Nothing in the University's policies allows it to unilaterally withhold a tenured faculty member's annual contract. The University's actions against Dr. Hutto violate its own policies, which provide that a tenured faculty member whose contract is not to be renewed is entitled to either one year's notice or salary with benefits or a combination of both. The University repeatedly represented to Plaintiff that she had not been terminated and that she continued to hold her status as a tenured professor, and yet the University withheld Dr. Hutto's salary and benefits for years before terminating her and hiring younger, less qualified individuals to replace her.

25. Accordingly, the University unilaterally breached Dr. Hutto's employment contract, unlawfully discriminated against her on the basis of age, and retaliated against her for complaining of discrimination and asserting her rights under employment contract.

26. On July 15, 2025, Plaintiff timely filed a charge of age discrimination with the Equal Employment Opportunity Commission ("EEOC") and the Texas Workforce Commission. **Exhibit 7**.

27. On July 23, 2025, the EEOC issued Plaintiff a Notice of Right to Sue letter. **Id**.

28. Dr. Hutto files this Original Complaint asserting her age discrimination claims within ninety (90) days of receipt of the EEOC's official notice of dismissal.

## V. CAUSES OF ACTION

### Age Discrimination under Texas Labor Code Chapter 21.051 and ADEA 29 U.S.C. § 621

29. Plaintiff incorporates by reference the factual allegations set forth in this Complaint.

30. Defendant is liable to Plaintiff for age discrimination and unlawful termination under the Texas Commission on Human Rights Act and the federal Age Discrimination in Employment Act 29 U.S.C. § 621, as amended.

31. Plaintiff is seventy-three (73) years of age and therefore a member of a protected class. Plaintiff was well qualified for her employment position, having received excellent performance evaluations when she served as a tenured professor at UST for a decade. Defendant furloughed Plaintiff for three years before terminating and replacing her with someone younger.

32. Defendant's acts constitute discrimination against Plaintiff because of her age. This discrimination is the proximate cause of both the economic and noneconomic damages Plaintiff suffers.

### Back Pay

33. Plaintiff incorporates by reference the factual allegations set forth in this Complaint.

34. Plaintiff asserts herein her claim for backpay, as having accrued as of the time of the determination of the merits of this case including, but not limited to, wages, salaries, and fringe benefits.

### Front pay

35. Plaintiff incorporates by reference the factual allegations set forth in this Complaint.

36. Plaintiff asserts herein that reinstatement is appropriate, but not feasible and that her relationship with Defendant is hostile and unworkable, and therefore she accordingly asserts her claims for an award of front pay, as

10

to be determined at the time of the trial of this case, including but not limited to, wages, salaries, and fringe benefits.

## Retaliation

37. Plaintiff incorporates by reference the factual allegations set forth in this Complaint.

38. Defendant's prolonged, indefinite furlough and subsequent termination of Plaintiff's employment constitutes unlawful retaliation against Plaintiff for complaining of discrimination and asserting her right to tenure under her employment contract.

## Attorneys' Fees and Expert Fees

39. Plaintiff incorporates by reference the factual allegations set forth in this Complaint.

40. Request is made for all costs and reasonable and necessary attorneys' fees incurred by or on behalf of Plaintiff herein, and all fees necessary in the event of an appeal of this cause to the Fifth Circuit and the Supreme Court of United States, as the Court deems equitable and just, in addition to fees applicable to the services of Plaintiff's experts.

### VIII. DAMAGES

41. Plaintiff incorporates by reference the factual allegations set forth in this Complaint.

42. Plaintiff seeks the recovery of:

a. All compensatory damages as recoverable under federal and state law;

b. Punitive damages as recoverable under federal and state law;

c. Back pay and front pay, as pleaded herein;

d. All equitable relief recoverable under federal and state law;

e. Compensatory damages for infliction of mental distress as recoverable under federal and state law;

f. Attorney fees, expert fees and costs of court and other allowable elements of damages and recovery; and

g. Pre-judgment interest and interest on back pay.

## XI. JURY DEMAND

43. Plaintiff demands a jury trial and tenders the appropriate fee with this Complaint.

## XI. PRAYER

Plaintiff Nora Hutto, Ed.D. prays that she recover judgment against Defendant The University of Saint Thomas for damages, pre- and post-judgment interest, costs, and declaratory relief, and all such other and further relief to which Plaintiff may show herself justly entitled.

Respectfully submitted,

*/s/ Darien Harris*
William G. Hagans
State Bar No. 24055612
SDTX No.: 695531

whagans@hagans.law
Darien Harris
SDTX No.: 3619271
State Bar No. 24118405
dharris@hagans.law

**Hagans**
3200 Travis, Fourth Floor
Houston, Texas 77006
Tel - (713) 222-2700
Fax - (713) 547-4950

**Attorneys for Plaintiff Nora Hutto, Ed.D.**